IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PTG NEVADA, LLC,                                3:15-cv-02017-BR

       Plaintiff,                          OPINION AND ORDER

v.

BRYAN WILSON,

       Defendant.

CARL D. CROWELL
Crowell Law
P.O. Box 923
Salem, OR 97308
(503) 581-1240

       Attorney for Plaintiff

BROWN, Judge.

    This matter comes before the Court on Plaintiff's Motion
(#45) for Attorney Fees and Bill of Costs (#44).  For the reasons
that follow, the Court **GRANTS in part** Plaintiff's Motion for an
Award of Attorney Fees and Bill of Costs and **AWARDS** Plaintiff
attorneys' fees of **$1,560.00**, and costs in the amount of **$127.50.**

1 - OPINION AND ORDER

## BACKGROUND

Plaintiff brought this action against Defendant[1] for copyright infringement pursuant to 17 U.S.C. §§ 101, *et seq.*, for the unlicensed copying, promotion, and distribution of Plaintiff's motion picture titled *Pay The Ghost.*

Defendant was personally served with Summons and the Amended Complaint in this matter.  Defendant failed to answer or otherwise to appear within the time required.  On August 10, 2016, the Court issued an Order of Default.  On September 15, 2016, the Court entered Default Judgment against Defendant in favor of Plaintiff for statutory damages in the amount of $7,500.00 and injunctive relief.

## DISCUSSION

### I.   Plaintiff is entitled to reasonable attorneys' fees.

In any action for copyright infringement, the court in its discretion may allow the recovery of costs by or against any party and may also award reasonable attorneys' fees to the prevailing party as part of the costs.  17 U.S.C. § 505.

The Supreme Court has held a district court may exercise its discretion to grant or to deny attorneys' fees to a prevailing party in a copyright case.  *See Fogerty v. Fantasy, Inc.*, 510

---

[1] The case was originally filed against multiple unidentified IFP users.  Defendant was identified as one user and individually named in a subsequent Amended Complaint.

U.S. 517, 534 (1994)("[A]ttorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion."). *See also McCulloch v. Albert E. Price, Inc.*, 823 F.2d 316, 323 (9th Cir. 1987)("[W]e do not believe Congress intended that the prevailing plaintiff should be awarded attorney's fees in every case.").  Indeed, the Supreme Court recently reiterated in a unanimous decision that "§ 505 grants courts wide latitude to award attorney's fees based on a totality of circumstances in a case." *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016).  The Supreme Court emphasized "§ 505 confers broad discretion on district courts and, in deciding whether to fee-shift, they must take into account a range of considerations beyond the reasonableness of litigating positions[.]" *Kirtsaeng*, 136 S. Ct. at 1988.

The Ninth Circuit has also held "[t]he most important factor in determining whether to award fees under the Copyright Act, is whether an award will further the purposes of the Act" *(Mattel, Inc. v. MGA Entm't*, 705 F.3d 1108, 1111 (9th Cir. 2013)) and the primary purpose of the Copyright Act is to "encourage the production of original literary, artistic, and musical expression for the good of the public." *SOFA Entm't, Inc. v. Dodger Prods., Inc.*, 709 F.3d 1273, 1280 (9th Cir. 2013).  *See also Fogerty*, 510 U.S. at 527 ("[C]opyright law ultimately serves the purpose of enriching the general public through access to creative

works[.]").

Based on the totality of the circumstances in this case, the Court concludes Plaintiff is entitled to reasonable attorneys' fees and costs in this matter.

## II.   Plaintiff is entitled to reasonable attorneys' fees in the amount of $1,560.00.

### A.   Standards.

The Supreme Court has stated under federal fee-shifting statutes that "the lodestar approach" is "the guiding light" when determining a reasonable fee. *Perdue v. Kenny A.*, 559 U.S. 542, 551 (2010). Under the lodestar method the court first determines the appropriate hourly rate for the work performed and then multiplies that amount by the number of hours properly expended in doing the work. *Id.* Although "in extraordinary circumstances" the amount produced by the lodestar calculation may be increased, "there is a strong presumption that the lodestar is sufficient." *Id.* at 556. The party seeking an award of fees bears "the burden of documenting the appropriate hours expended in the litigation, and [is] required to submit evidence in support of those hours worked." *United Steelworkers of Am. v. Ret. Income Plan For Hourly-rated Emps. Of Asarco, Inc.*, 512 F.3d 555, 565 (9th Cir. 2008)(quotations omitted). When "determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours 'that are

4 - OPINION AND ORDER

excessive, redundant, or otherwise unnecessary.'"  *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009)(quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

To determine the lodestar amount the court may consider the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or the circumstances;(8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Fischel v. Equitable Life Assur. Soc'y of U.S.*, 307 F.3d 997, 1007 n.7 (9th Cir. 2002)(quotation omitted).  A rote recitation of the relevant factors is unnecessary as long as the court adequately explains the basis for the award of attorneys' fees. *McGinnis v. Kentucky Fried Chicken of Cal.*, 51 F.3d 805, 809 (9th Cir. 1995).

The lodestar amount is presumed to be the reasonable fee, and, therefore, "'a multiplier may be used to adjust the lodestar amount upward or downward only in rare and exceptional cases, supported by both specific evidence on the record and detailed findings by the lower courts.'"  *Summers v. Carvist Corp.*, 323 F. App'x 581, 582 (9th Cir. 2009)(quoting *Van Gerwen*

5 – OPINION AND ORDER

*v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000)).
"Adjustments [to the lodestar amount] must be carefully tailored
. . . and [made] only to the extent a factor has not been
subsumed within the lodestar calculation." *Rouse v. Law Offices
of Rory Clark*, 603 F.3d 699, 704 (9th Cir. 2009)(citing *Camacho
v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008)).

**B.    Time Incurred in Connection with Plaintiff's Action for
an Award of Attorneys' Fees.**

Plaintiff seeks to recover attorneys' fees for the time
spent by attorney Carl D. Crowell in the handling of Plaintiff's
claim against Defendant.[2]  Crowell's hourly billing records for
services rendered are submitted with the Declaration of Counsel
(#46).  Those records reflect a total of 7.4 hours expended in
identifying Defendant, drafting the Amended Complaint, preparing
service documents, preparing the Motion for Default and Motion
for Default Judgment, and drafting the Motion for Attorneys' Fees
and Bill of Costs.  Crowell states the time that he spent related
to the previously joined case and all other original defendants
has been excluded.

The Court notes this is one of numerous copyright-
infringement cases filed by counsel in this Court.  The handling
of these matters has become somewhat *pro forma* with the filing of

---

[2] Crowell states the attorneys' fees sought are based solely
on the time that he spent on Plaintiff's claim against Defendant
Wilson.

complaints against unidentified IP addresses in which the plaintiffs recite similar factual scenarios of infringing activity and reiterate industry concerns about peer-to-peer internet piracy. After following a routine procedure for identification of the owner of the IP address, most cases end in either default judgments or consent judgments and injunctive relief against alleged infringers. Many of these case are voluntarily dismissed by the plaintiffs.

Although counsel has limited the hours for his attorneys' fee request, those hours still reflect the performance of uncontested routine and, in some instances, clerical work. The Court also notes a default judgment for $7,500.00 in damages was entered against Defendant, which is greater than the typical damage awards for these kinds of cases in this District. *See, e.g., Glacier Films (USA), Inc. v. Gallatin*, No. 3:15-cv-01632-SB, 2016 WL 3148401, at *3 (D. Or. May 12, 2016)("[C]ommon sense supports a conclusion that a $750 financial penalty for illegal downloading one movie is more than sufficiently punitive to deter others from illegally downloading free movies on the BitTorrent network.). In many of these kinds of cases trial judges of this Court have exercised discretion and denied attorneys' fees altogether on the grounds that such an award was not justified. See, for example, *Anonymous Users of Popcorn Time*, No. 3:15-01550-SB, 2016 WL 4238639 (fee-shifting in a mass copyright

litigation does not satisfy the factors in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994)); *Glacier Films (USA), Inc. v. Turchin*, 3:15-cv-1817-SB, 2016 WL 4251581 (D. Or. Aug. 10, 2016)(same), *appeal docketed*, No. 16-35688 (9th Cir. Aug. 26, 2016.); *Cobbler Nevada, LLC, v. Cerritos*, 3:15-cv-01228-SB, 2016 WL 7177527 (D. Or. Dec. 9, 2016).

On the totality of this record the Court concludes a reduction to a total of 5.0 hours of attorney time expended by Crowell in connection with the prosecution of this action against Defendant is reasonable.

**C.    Attorney's Requested Hourly Rate.**

Crowell requests an hourly rate of $312.00. Even though Defendant has not appeared in this action and, therefore, has not objected, the Court has an independent duty to review a motion for attorneys' fees for reasonableness. *See Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). *See also Cruz v. Alhambra Sch. Dist.*, 282 F. App'x 578, 580 (9th Cir. 2008)(The district court has an "obligation to articulate . . . the reasons for its findings regarding the propriety of the hours claimed or for any adjustments it makes either to the prevailing party's claimed hours or to the lodestar.").

To determine the reasonable hourly rate of an attorney, this Court uses the most recent Oregon State Bar Economic Survey published in 2013 as its initial benchmark. Attorneys may argue

8 - OPINION AND ORDER

for higher rates based on inflation, specialty, or any number of other factors.  Crowell states the average hourly rate for an attorney with comparable years of practice is $312 per hour, and, therefore, he seeks $312 per hour, which is within the compensation tables of the Economic Survey for an attorney with Crowell's experience and expertise.

On this record the Court, in the exercise of its discretion, concludes the hourly rate of $312 is reasonable. Accordingly, the Court awards attorneys' fees of $1,560.00 to Plaintiff.

## III. Plaintiff is entitled to costs.

Plaintiff requests an award of costs in the amount of $127.50 comprised of the fee for service of the summons and a witness fee required to determine the identity of Defendant.

Absent a showing of circumstances not relevant here, an award of costs is governed by federal law.  *See Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003).

28 U.S.C. § 1920 allows a federal court to tax specific items as costs against a losing party pursuant to Federal Rule of Civil Procedure 54(d)(1).  Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily

9 - OPINION AND ORDER

obtained for use in the case;
(3) Fees and disbursements for printing and
witnesses;
(4) Fees for exemplification and copies of papers
necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation for court-appointed experts,
compensation of interpreters, and salaries, fees,
expenses, and costs of special interpretation
services under § 1828 of this title.
A bill of costs shall be filed in the case and,
upon allowance, included in the judgment or
decree.

Costs generally are awarded to the prevailing party in a
civil action as a matter of course unless the court directs
otherwise.  Fed. R. Civ. P. 54(d).  The court must limit an award
of costs to those defined in 28 U.S.C. § 1920 unless otherwise
provided for by statute.  *Grove v. Wells Fargo Fin. Ca., Inc.*,
606 F.3d 577, 579-80 (9th Cir. 2010).  The costs sought by
Plaintiff are specifically allowed under § 1920.

Accordingly, the Court awards costs to Plaintiff in the
amount of **$127.50**.


<u>**CONCLUSION**</u>

For these reasons, the Court **GRANTS in part** Plaintiff's
Motion (#45) for an Award of Attorney Fees and Bill of Costs

(#44) against Defendant and **AWARDS** Plaintiff attorneys' fees of **$1,560.00** and costs of **$127.50**.

IT IS SO ORDERED.

DATED this ___20___ day of December, 2016.

_____

ANNA J. BROWN
United States District Judge

11 - OPINION AND ORDER